## James A. Cunningham, *vs.* Wesley Depew, William Thorn and Joel Arrington.

### *Appeal from Jefferson.*

Where A, the complainant, purchased of defendant B a land " claim" for which he was to pay $600, and did pay nearly $500 down, and gave his note for the balance, and A being absent when the land was brought into market, B borrowed the money of C, with which to enter the same, and afterwards sold the same to D, an innocent purchaser without notice; held that the title of D could not be disturbed, on a bill filed by A for a specific performance, but that A was entitled to a decree against B for the whole amount of the purchase money under the prayer for general relief.

This was a bill filed by the complainant against the defendants in the District Court of Jefferson county in August 1843, and at September term 1844, the following decree was made, Judge Mason presiding:

" This cause came on to be heard upon the bill, answer exhibits and evidence, and was argued by counsel, and the court after due consideration ordered, adjudged and decreed, that the said complainants bill as to said respondents, William Thorn and Joel Arrington, be dismissed at complainants costs, and it was further ordered, adjudged and decreed that said complainant has a good equity against the said respondent, Wesley Depew, for the amount of money which he had received from said complainant, which amount was ascertained by the court to be the sum of six hundred dollars, with six per cent interest thereon since

the 17th day of August 1842, amounting to the sum of seventy-three dollars and forty cents, making in all the sum of $673,40, which said sum is to be credited with the sum of twenty-five dollars for the services of said Depew, leaving a balance of six hundred and forty eight dollars and forty cents. It is thereupon ordered, adjudged and decreed by the court, that said Wesley Depew do pay to said complainant, within ten days from the adjournment of this court the said sum of six hundred and forty eight dollars and forty cents, with accruing interest and costs of this suit, and in default thereof, that a special execution issue to the sheriff of Jefferson county, or into any other county in this territory, that said complainant may direct, thereby commanding said sheriff to cause to be levied of the goods and chattles, lands and tenements of said Depew, the said sum of six hundred and forty-eight dollars and forty cents, with interest and costs of this petition, and accruing costs, and that said writ be executed and returned, the same as executions at law. It is further ordered that a certain note given by said complainant to said Depew for about one hundred and eight dollars, be credited upon said demand, whenever said Depew shall bring the same and file it with the clerk of this court, and that six per cent interest be allowed on said note from date, being 17th of August 1842."

The defendant, Depew, appealed to this court.

All the other essential facts of the case are recited in the opinion of the court.

SHUFFLETON, GRAY & NEGUS, for appellant.

HALL, for appellee.

PER CURIAM, MASON, CHIEF JUSTICE.—The main facts in this case are not controverted. The complainant, in August 1842, then a resident of the State of Ohio, purchased of the defendant, Depew, what is commonly known as a "claim," embracing a quarter section of land, lying in the county of Jefferson in this territory, for which he was to pay the sum of six hundred dollars. Nearly five hundred dollars of this amount was paid down, and to secure the remainder a promissory note was given for the sum of $109, payable April 1st 1843. In February 1843 the land was brought into market. Cunningham was absent and Depew borrowed money of one Arrington, with which he entered the land, and afterwards sold the same to the defendan, Thorn. The most material point in dispute is whether Depew, in borrowing the money of Arrington and entering the land, acted as the agent of Cun-

ningham. This matter, however, seems to be placed beyond contro-versy by the letter of Depew, dated February 11th 1843, which is ap-pended to the bill as an exhibit. He there states : "I received a few lines from you stating that you wished me to buy your land. I obtained a loan of money sufficient to enter your claims, which was two hundred dollars at twenty per cent, for two years, but you have the right to re-deem it in the spring if you wish, &c., &c."

The sale seems to have been made to Thorn without any knowledge on his part of Depew's want of power to make him a good title. He doubtless therefore acted in good faith and his title cannot be disturbed. The conveyance, therefore, asked for in the bill was properly refused, but it requires neither authority nor argument to show that Cunningham is entitled to relief against Depew. The latter sold complainant a claim to a quarter section of land for which he received $600 in cash and negotiable paper. When the land was about to come into market he as agent for complainant borrowed the money necessary to pay for it with the evident understanding that it was to be repaid by his princi-pal. Afterwards without authority from his principal he sold the land to a bona fide purchaser without notice. The rights of Cunningham then were either to affirm the sale to Thorn, and claim the benefit of the proceeds thereof, or to disaffirm the act of the agent and claim from him the value of the land which he had thus placed beyond the reach of his principal. That value had been previously fixed by the parties themselves at six hundred dollars and the decree of the court for that amount was therefore just and proper. Had the defendant delivered up the note to be cancelled on the trial, a deduction for that amount would have been proper. But as he holds on upon that instrument and for ought appearing to the contrary has transferred it, it was proper to render a decree for the whole amount.

Nor do we feel certain that the result would have been different, had the truth of the defendant's answer been fully admitted. He would certainly in that case have been under no obligation to have taken any steps to secure the land at the public sale, but a court of equity would have been very reluctant to see him avail himself of the misfortunes of the complainant so far as to secure the land to himself and pocket the value thereof besides. If Cunningham had been unable to fulfil his contract, it might, under proper circumstances have been rescinded, but we see nothing therein by which we can conclude that a failure on his part to perform his whole contract, should work a forfeiture of the amount paid. As a general rule, a contract can only be rescinded by

59

placing the other party *in statu quo*; by a restoration of the amount already paid on the contract. If the defendant had felt unwilling to rescind upon such terms, he should have brought suit upon the broken contract, instead of treating it as null and void. But this he has not done. He has treated the contract as rescinded. He has the land in the same way as though it had not been sold by him, so that he has sustained no injury on that score. At the same time he has the six hundred dollars in notes and money, which he is equitably bound to restore.

We are therefore, fully of the opinion that the decree below should be affirmed.